JOSEPH HEALY, Respondent, *against* THE TWENTY-THIRD STREET RAILROAD COMPANY, Appellant.

(Decided December 4th, 1882.)

After the dismissal of the complaint at the trial of an action, the judge has no power to grant a new trial upon his minutes.

APPEAL from an order of this court granting a motion for a new trial.

The facts are stated in the opinion.

*Robinson, Scribner & Bright*, for appellant.

*Wm. P. Mulry* and *Hall & Blandy*, for respondent.

BEACH, J.—I am of opinion the learned judge at Trial Term erred in entertaining the motion for a new trial upon his minutes, after having granted a dismissal of the complaint.

Section 997 of the Code of Civil Procedure refers to cases, among others, where the intention is to move for a new trial of an issue of fact, and a case must be made, settled and signed. This includes all cases except those subject to other provisions of law.

Section 998 enacts, that it is not needful to make a case, to move for a new trial upon the minutes of the judge who presided at a trial by a jury. If the Code was thereafter silent, a motion upon the minutes could be so made, in all jury cases. But section 999 seems to enumerate all the cases in which the judge at trial may entertain a motion of this character. They are, " to set aside *the verdict* and grant a new trial upon exceptions; or because the *verdict* is for excessive or insufficient damages; or (the *verdict* is) otherwise contrary to the evidence, or contrary to law."

These are occasions where a verdict has been given, and

not where the complaint has been dismissed, and there is no verdict. To my mind, the enactments were intended to provide a speedy method for correcting material errors of the jury, not the court. The inclusion of exceptions to the admission or exclusion of evidence, might at first thought appear to be against this view. But such rulings presumably affect the verdict, and are therefore named among the grounds for such a motion.

The order should be reversed with costs and disbursements.

VAN HOESEN, J.—The judge had no power to grant a new trial upon his minutes, inasmuch as no verdict was rendered by the jury, and the complaint had been dismissed. (Code Civ. Pro. § 999; *Van Doren* v. *Horton,* 19 Hun .7; *Dusenbury* v. *Dusenbury,* 1 Civ. Pro. Rep. 292.

The order appealed must be reversed, with costs to the appellant.

J. F. DALY, J., dissented.

Order reversed, with costs.